UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD LEE SIMKINS, III,

      Plaintiff,                           Case No. 3:19-cv-228

vs.

JOSHUA SPEARS, *et al.*,               District Judge Walter H. Rice
                                   Magistrate Judge Michael J. Newman

      Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED; (2) SERVICE OF THE AMENDED COMPLAINT NOT ISSUE; AND (3) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This civil case is before the Court for a *sua sponte* review of the amended complaint filed by *pro se* Plaintiff Richard Lee Simkins, III pursuant to 28 U.S.C. § 1915(e)(2). Doc. 12. Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") (doc. 1), which the Court granted by separate order. Doc. 9. The Court, however, held service of that complaint pending a review under § 1915(e)(2). *Id.*

In his original complaint -- which is now a nullity having been superseded by the amended complaint, *see Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) -- Plaintiff sought to assert claims under 42 U.S.C. § 1983 allegedly arising from a state court proceeding in Greene County, Ohio in which Defendant Joshua Spears purportedly sought issuance of a civil stalking protection order ("CSPO") against him. Doc. 1-1 at PageID 11. Plaintiff alleged that the state court ultimately granted Spears a CSPO despite, as he contends, there being no evidence supporting any of the factors required for issuance of a CSPO. *Id.* at PageID 11-14. Plaintiff has

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

appealed issuance of the CSPO to the Ohio Second District Court of Appeals, and that appeal remains pending. *See Simkins v. Spears*, No. 2019CA55 (Ohio Ct. App. filed Aug. 30, 2019).

In his original complaint, Plaintiff named six Defendants: (1) Dayton Police Officer Joshua Spears, who sought the CSPO; (2) Greene County Domestic Relations Court employee Sheri Hall, who apparently assisted Spears with the filing of the CSPO application; (3) Greene County Domestic Relations Court Administrator John Martin, who made an initial *ex parte* ruling on Spears's application; (4) Greene County Domestic Relations Court Chief Magistrate Cynthia Martin who, after issuance of the initial *ex parte* order, held a hearing on the application and recommended the CSPO continue in force; (5) retired Logan County, Ohio judge Michael Brady, who was apparently assigned to preside over the CSPO proceedings in Greene County[2]; and (6) Chief Justice Maureen O'Connor of the Supreme Court of Ohio, who apparently denied Plaintiff's request that Judge Brady be recused. Doc. 1-1 at PageID 5-6. Plaintiff sought injunctive relief from this federal court precluding Defendants from issuing any further rulings against him in state proceedings. *Id*. at PageID 10.

On initial review, the undersigned recommended that Plaintiff's complaint be dismissed. Doc. 11. In so doing, the undersigned noted that, in a separate case filed in this Court, Plaintiff sought a temporary restraining order essentially seeking the relief sought in his original complaint in this matter -- a request that was denied for a number of reasons including, *inter alia*, that his request for injunctive relief is barred by the Anti-Injunction Act, 28 U.S.C. § 2283. *Id*.; *see also Simkins v. Grandview Hosp.*, No. 3:18-CV-309, 2019 WL 1465389, at *1-2 (S.D. Ohio Apr. 3,

_____

[2] The Ohio Constitution states that "[a]ny voluntarily retired judge, or any judge who is retired under this section, may be assigned with his consent, by the chief justice or acting chief justice of the supreme court to active duty as a judge[.]" Ohio Const. Article IV, Section 6(C). The Rules of Superintendence for the Courts of Ohio state that the Chief Justice of the Supreme Court of Ohio may appoint certain retired judges to "serve as a judge on any municipal or county court[.]" Ohio Sup. R. 17.

2019), *report and recommendation adopted*, No. 3:18-CV-309, 2019 WL 1791386 (S.D. Ohio Apr. 23, 2019). The undersigned further concluded that, even assuming, *arguendo*, that the entirety of Plaintiff's original complaint here was not barred by the Anti-Injunction Act, or by application of *res judicata*, collateral estoppel, judicial and quasi-judicial immunity,[3] or the *Rooker-Feldman* doctrine,[4] his original complaint should nevertheless be dismissed pursuant to the abstention doctrine set forth in *Younger v. Harris*, 410 U.S. 37 (1997).[5]

Following issuance of the undersigned's Report and Recommendation (doc. 11), Plaintiff filed an amended complaint. Doc. 12. Plaintiff also filed an objection to the Report and Recommendation arguing only that his amended complaint purportedly cures the defects in the original complaint. Doc. 13. The undersigned now reviews Plaintiff's amended complaint, *sua sponte*, prior to issuance of process.

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review,

---

[3] "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988)). Such "absolute judicial immunity" extends "to non-judicial officers" performing "'quasi-judicial' duties." *Id.* (citations omitted). Additionally, "[t]he Federal Courts Improvement Act of 1996 provides that a [judicial officer] may not be enjoined for any act or omission taken in his or her judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable[,]" and, "[t]hus, a judge's absolute judicial immunity bars any suit for injunctive relief that does not meet these two exceptions." *Cooksey v. McElroy*, No. 1:07CV581, 2009 WL 2628519, at *1 (S.D. Ohio Aug. 25, 2009); *see also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

[4] "Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments." *Marshall v. Bowles*, 92 F. App'x 283, 284 (6th Cir. 2004) (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

[5] "*Younger* requires federal courts to abstain where: (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)).

the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In his amended complaint, Plaintiff again names the same six Defendants he identified in his original complaint, plus the addition of Steven Hurley, who Plaintiff alleges is the Administrator of the Greene County, Ohio Domestic Relations Court and who "specifically requested [Judge] Brady to oversee the state proceedings for unknown and unstated reasons[.]"

4

Doc. 12 at PageID 81.  Otherwise, the factual allegations set forth in the original complaint are omitted from the amended complaint and are replaced with conclusory allegations that: (1) Defendant Spears brought the CSPO against Plaintiff in order to impede Plaintiff's ability to investigate Spears; and (2) all the other Defendants exceeded their authority under Ohio law in issuing the CSPO.  Doc. 12.  In other words, Plaintiff's amended complaint contains only "unadorned, the-defendant[s]-unlawfully-harmed-me accusation[s]."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Thus, read on its own, Plaintiff's amended complaint sets forth no factual content stating a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").  Even if the Court were to liberally construe Plaintiff's amended complaint to incorporate all of the allegations asserted in the original complaint, the undersigned would nevertheless reach same the conclusion as before when considering the original complaint under § 1915, *i.e.*, that to the extent this action is somehow not barred by application of *res judicata*, collateral estoppel, judicial and quasi-judicial immunity, or the *Rooker-Feldman* doctrine, the Court must abstain pursuant to *Younger*.

Accordingly, the undersigned again **RECOMMENDS** that: (1) *pro se* Plaintiff's amended complaint be **DISMISSED**; (2) service of the amended complaint not issue; and (3) this case be **TERMINATED** on the Court's docket.

Date:   October 21, 2019                              s/ Michael J. Newman
                                                      Michael J. Newman
                                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).