IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD LEE SIMKINS, III,

    Plaintiff,

v.

JOSHUA SPEARS, et al.,

    Defendants.

Case No. 3:19-cv-228

JUDGE WALTER H. RICE

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #15); OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #16); REJECTING AS MOOT REPORT AND RECOMMENDATIONS (DOC. #11) AND OVERRULING AS MOOT PLAINTIFF'S OBJECTIONS THERETO (DOC. #14); DISMISSING AMENDED COMPLAINT (DOC. #12) WITH PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

After a civil stalking protection order ("CSPO") was issued against him by the Greene County Court of Common Pleas, *pro se* plaintiff Richard Lee Simkins III filed suit in federal court against Joshua Spears and other governmental employees. He also appealed the issuance of the CSPO to the Second District Court of Appeals.

United States Magistrate Michael J. Newman conducted an initial review under 28 U.S.C. § 1915(e)(2). On September 18, 2019, he issued a Report and Recommendations, Doc. #11, recommending that the Court dismiss the Complaint on numerous grounds, including the Anti-Injunction Act, application of *res judicata*,

collateral estoppel, judicial and quasi-judicial immunity, the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine.

On October 7, 2019, Plaintiff filed a First Amended Complaint, Doc. #12, along with Objections to the Report and Recommendations, Doc. #14, arguing that the First Amended Complaint cured the alleged defects in the original Complaint. He also asked the Clerk to hold service of the First Amended Complaint. Doc. #13. Given that Plaintiff's First Amended Complaint supersedes the original Complaint, there is no need for the Court to consider Plaintiff's Objections to the initial Report and Recommendations. The Court REJECTS that Report and Recommendations, Doc. #11, AS MOOT, and OVERRULES AS MOOT Plaintiff's Objections thereto, Doc. #14.

On October 22, 2019, Magistrate Judge Newman conducted an initial review of the First Amended Complaint and issued another Report and Recommendations, Doc. #15. Therein, he noted that Plaintiff's appeal of the issuance of the CSPO remained pending in the Second District Court of Appeals. Magistrate Judge Newman found that the First Amended Complaint lacked factual content stating a claim for relief that was plausible on its face and that, even if he incorporated the factual allegations that Plaintiff had included in the original Complaint, the First Amended Complaint was still subject to dismissal by application of *res judicata*, collateral estoppel, judicial and quasi-judicial immunity, the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine.

2

Plaintiff filed timely Objections. Therein, he argues only that, because Michael Brady, a retired judge residing in *Logan* County, allegedly assigned to preside over the CSPO hearing in *Greene* County, lacked authority to do so, this Court has jurisdiction to adjudicate his § 1983 claims.

Based on the reasoning and citations of authority set forth by Magistrate Judge Newman in the October 22, 2019, Report and Recommendations, Doc. #15, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety, and OVERRULES Plaintiff's Objections thereto, Doc. #16. Plaintiff's claims constitute an impermissible appeal of a state court judgment, and this Court lacks subject matter jurisdiction over them. The Court therefore DISMISSES the above-captioned case WITH PREJUDICE.

Judgment shall be entered in favor of Defendants and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 14, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE